## M. R. ISOM v. THE STATE.

### No. 3118.  Decided April 25, 1906.

**1.—Local Option—Venue.**

Where upon trial for a violation of the local option law the State failed to prove venue, the judgment must be reversed.

**2.—Same—Circumstantial Evidence—Requested Charge.**

See opinion for facts where a charge on circumstantial evidence should have been submitted.

**3.—Same—Refused Charge—Reasonable Doubt.**

Upon a trial for the violation of the local option law where the evidence of the sale of the whisky was doubtful and circumstantial, the court should have given the requested charge of defendant to the effect that unless the evidence showed beyond a reasonable doubt that the defendant either received the money or delivered the whisky, the jury should acquit.

Appeal from the County Court of Bell.  Tried below before Hon. W. R. Butler.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and forty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a conviction for violating the local option law. Harwell testified that during the month of October, he was in Temple, and visited a club near the old postoffice; that the house had two rooms, a front and a back room. There was nothing in the back room except some barrels containing empty bottles; that he was not acquainted with anybody in the place, except appellant, and there were several parties in there at the time. That he went to the back end of the counter, and paid no attention to any one. There were one or two behind the counter, one or two in front and one or two others sitting at tables. About the time he walked to the rear end of the counter, appellant came in from the back room. They stopped and exchanged a few words, which constituted all the conversation they had. "I told appellant I wanted something to drink, and laid down a quarter. I believe I told him I wanted something to drink. Appellant said nothing, nodded his head, witness thought, or motioned to a negro. Witness had not seen the negro up to this time, because he was behind him. He said appellant motioned to the negro, toward where the negro was standing when I walked in. When witness laid the quarter on the counter, witness walked into the back room. I may have asked him if he had anything to drink, or if he could get anything to drink. I am not sure whether he said he had or had not. When appellant motioned to the negro and nodded his

head, witness walked into the back room and out on the back steps. When he reached the back steps there were several parties in the back alley, and witness turned back and walked into the room, and stopped in the corner and buttoned his pants; and there picked up a half pint bottle of whisky out of a barrel of bottles, and took a drink from it. He says that appellant was not there and did not deliver him a bottle of whisky when he came back. In fact there was no one in the back room. He just found the pint of whisky in the barrel of empty bottles. It was something like eight or ten feet from where he met appellant to the back room; that he intended to go back to the back end of the alley when he went to the back end of the room, but there being some parties out there, he returned. He says: "When I came back the way I happened to notice the bottle of whisky on the empty barrels as I turned to the right, facing the corner, these barrels were up in the corner, next to the partition wall, and when I turned to go out I turned to the right, and the whisky was on the barrel of empty bottles. The reason I looked in the barrel was that I wanted a drink. I had no idea that it was in there when I walked in. My object in going to the corner in this back room was to get out of the view and fasten my clothes. When I walked in there I did not know that the whisky was there. I was not expecting to find it in the barrel, that was accidental. Isom did not tell me to look in there." In regard to the time, witness stated, "I was not gone over two minutes, not over one minute I don't suppose."

The court certifies in a bill of exceptions that the State failed to show that the alleged sale occurred in Bell County. This of course, was necessary to be shown.

Appellant requested a charge on circumstantial evidence, which was in writing, and was refused by the court and bill of exceptions reserved. Under the facts stated, which is the State's case as shown by the evidence this charge should have been given, and it was error to refuse it.

Appellant asked the further instruction: "You are charged that proof of the fact that the witness Harwell told defendant that he wanted something to drink, and defendant motioned to a party behind him, who was working at said club, and that said Harwell afterwards found the whisky, will not authorize a conviction, unless the evidence shows beyond a reasonable doubt that the defendant either received the money or delivered the whisky." We believe under the facts of this case this charge should have been given. The time stated by witness Harwell was so short and the facts so thrown together and in such rapid succession that it leaves it extremely doubtful if appellant either himself or by means of the negro, had the time to have placed the whisky in the barrel in the back room. Harwell testified that he went immediately from in front of the bar into this back room to the back door, and when he reached the steps seeing parties in the alley, he stepped back into the room, and into the corner to button his pants. He saw

no one in the back room.  It is thus left extremely doubtful if the whisky could have been carried from the front room into the back room with the witness in full view of the back room, and with the entire back room within his vision.  He had barely time to go through the room, reach the back steps and turn around.  It is hardly probable that this negro and the witness could have been so nearly together in the same room, and that sufficient time for the negro to have gone to the corner to which witness said he traveled and where he found the whisky, without witness having seen the negro.  So it is extremely doubtful if after witness laid the quarter on the counter for this whisky, it could have been carried to the point where witness found it, and the negro or party carrying it to that point unobserved by the witness.  If the whisky was in the barrel previous to the time witness entered the club and placed his money on the counter, it evidently did not come from the counter and was not delivered in accordance with the tender of the money, from the counter.  How the whisky got there is left to more than conjecture.  It may have been there in advance; and it may or may not have belonged to the club, or whether or not under the control and ownership of the club or appellant, if appellant was the agent of the club or its servant or employee.  We believe on another trial this charge should be given under the facts stated.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*